# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 27, 2013

No. 12-40577 c/w
No. 12-40611
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EMILIO HERRERA-CORTEZ,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:12-CR-61-1
USDC No. 2:12-CR-265-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Emilio Herrera-Cortez appeals the 60-month sentence he received for his guilty plea conviction for illegal reentry into the United States following previous deportation. Herrera-Cortez also appeals the six-month consecutive sentence he received following the revocation of his supervised release. He contends that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

both sentences are procedurally unreasonable because the district court failed to adequately explain the chosen sentences.

Because Herrera-Cortez did not object on these procedural grounds in the district court, as he acknowledges, review is for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). Herrera-Cortez thus must show an error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Our review of the sentencing record indicates that the district court did not fail to consider the 18 U.S.C. § 3553(a) factors, nor did it err by failing to sufficiently state reasons for imposing a within-guideline sentence of 60 months for Herrera-Cortez's most recent illegal reentry conviction. *See United States v. Rodriguez,* 523 F.3d 519, 525 (5th Cir. 2008). Similarly, the sentencing record indicates that the district court considered the arguments presented and provided a reasoned basis for imposing a six-month consecutive sentence upon revocation of Herrera-Cortez's supervised release. *See United States v. Whitelaw*, 580 F.3d 256, 261 (2009) Accordingly, Herrera-Cortez has failed to show plain error in connection with his procedural reasonableness argument. *See Puckett*, 556 U.S. at 135.

Herrera-Cortez also contends that his 60-month sentence is substantively unreasonable because it is greater than necessary to satisfy the sentencing goals of § 3553(a). He argues that the sentence was "disproportional" because his illegal reentry conviction amounts to "a victimless, harmless, territorial trespass into the United States." He also argues that his sentence fails to take into account his cultural assimilation. Herrera-Cortez also contends that the presumption of reasonableness afforded within-guidelines sentences is contrary to the Supreme Court's decisions in *United States v. Booker*, 543 U.S. 220 (2005)

and *Kimbrough v. United States*, 552 U.S. 85 (2007).  He further contends that the 16-level enhancement under U.S.S.G. § 2L1.2 dissimilarly treats similarly situated defendants because it double counts convictions and is not empirically based.  Because Herrera-Cortez did not object to the substantive reasonableness of his sentence, his arguments are reviewed for plain error.  *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

We have consistently rejected Herrera-Cortez's "double counting" argument and his argument that § 2L1.2 results in an excessive sentence because it is not empirically based.  *See United States v. Duarte*, 569 F.3d 528, 529-30 (5th Cir. 2009); *United States v. Calbat*, 266 F.3d 358, 364 (5th Cir. 2001). Additionally, this court has rejected the argument that the Guidelines overstate the seriousness of illegal reentry because it is simply an international trespass offense.  *See United States v. Aguirre-Villa,* 460 F.3d 681, 683 (5th Cir. 2006). Further, Herrera-Cortez's challenge to the presumption of reasonableness is foreclosed.  *See Rita v. United States*, 551 U.S. 338, 345-56 (2007).

The record reflects that the district court considered Herrera-Cortez's arguments for a "low end" guidelines sentence, including his cultural assimilation argument.  The district court, in fact, sentenced him to 60 months, which is at the "low end" of the 57 to 71 months advisory guidelines range. Herrera-Cortez has failed to rebut the presumption of reasonableness that is accorded his within-guidelines sentence.  *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (2008).  He has thus failed to show that his sentence is substantively unreasonable.  *See Gall*, 552 U.S. at 51; *Peltier*, 505 F.3d at 391-92.  Accordingly, the judgment of the district court is AFFIRMED.